**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SCHLEGEL OKLAHOMA, INC., Respondent.**

No. 80–2025.

United States Court of Appeals, Tenth Circuit.

March 13, 1981.

William Wachter and Elaine Patrick, Attys., and William A. Lubbers, General Counsel, John E. Higgins, Jr., Deputy General Counsel, Robert E. Allen, Acting Associate General Counsel, and Elliott Moore, Deputy Associate General Counsel, N.L.R.B., Washington, D. C., for petitioner.

Phillip R. Jones of Clark, West, Keller, Butler & Ellis, Dallas, Tex., for respondent.

Before McWILLIAMS, BARRETT, and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.

This is a National Labor Relations Board enforcement proceeding. Schlegel Oklaho-

---

ma, Inc., an Oklahoma corporation, maintains a place of business in Frederick, Oklahoma, where it is engaged in the manufacture and sale of perimeter sealing and molded rubber products. The present dispute arises out of the efforts of United Steelworkers of America, AFL–CIO–CLC, to organize Schlegel employees at its Frederick plant.

Charles Ingraham was employed by Schlegel at its Frederick plant from June 20, 1979, until August 15, 1979, when his employment was terminated by the company. On August 21, 1979, Ingraham and Mike Wilson, a representative of the union, were distributing handbills to Schlegel employees during a change of shifts. The handbills were notices of a meeting to be held the following day. Ingraham and Wilson were standing at the intersection of a county road and a driveway leading to the west entrance of the company plant.

While they were passing out handbills, Ingraham and Wilson were challenged by the president of the company, Richard Williams. After reading the handbill, Williams first advised Ingraham and Wilson that they were standing on company property. When Wilson disputed that fact, Williams declared that he did not want the two stopping traffic. Wilson denied that they were in anywise impeding traffic. Williams then said that if the two didn't leave, he was going to call the police.

The present complaint is based on a charge, and an amended charge, filed by United Steelworkers, which alleged several violations by the company of Section 8(a)(1) and (3) of the National Labor Relations Act. More specifically, the company was charged with unlawfully discharging Ingraham because of his union activities, and unlawfully interrogating Ingraham, as well as threatening Ingraham with arrest for handbilling on the public thoroughfare in front of the plant entrance.

The Administrative Law Judge, after an extensive evidentiary hearing, dismissed the charges of unlawful termination and interrogation. The Judge also held, however, that the company had violated Section 8(a)(1) of the Act by threatening Ingraham with arrest for passing out handbills on the public thoroughfare in front of one of the plant entrances. The Judge recommended a cease and desist order, and the posting of a notice. The Board affirmed the rulings, findings, and conclusions of the Judge, and adopted the recommended order.

The Board now seeks enforcement of its order. The company resists enforcement on the ground that there is no substantial evidence to support the Board's findings that: (1) the handbilling occurred on public property, and not on company property; and (2) Williams, the company president, had threatened Ingraham with arrest. These objections are without merit, and we conclude that the Board's order should be enforced.

Our study of the record convinces us that there is sufficient evidence to support the Board's finding that the handbilling took place on a public thoroughfare, not on company property. Further, the company's argument that Williams did not threaten Ingraham with arrest is not born out by the record. Both Ingraham and Wilson testified that Williams threatened to call the police if the two did not stop handbilling. Threatening to summon law enforcement authorities for the purpose of inhibiting lawful union activities has long been held violative of Section 8(a)(1) of the Act. *See National Labor Rel. Board v. Revlon Products Corp.*, 144 F.2d 88, 89 (2d Cir. 1944).

Counsel seizes on Ingraham's testimony that Williams stated he was going to call the police and "have us moved." This qualifying statement, *i. e.*, "have us moved," according to counsel, negated the possibility of any threat of arrest. We disagree with this highly semantical argument. The important thing is that, according to both Ingraham and Wilson, Williams stated he was going to call the police. Such statement was made for the obvious purpose of discouraging Ingraham and Wilson from passing out handbills which advised Schlegel employees of the forthcoming union meeting.

In a proceeding of this type, our only duty is to make certain that the Board's critical findings are supported by substantial evidence. *Universal Camera Corp. v. Labor Board,* 340 U.S. 474, 496–97, 71 S.Ct. 456, 468–469, 95 L.Ed. 456 (1951); *N.L.R.B. v. Pepsi-Cola Bottling Co. of Topeka,* 613 F.2d 267, 270 (10th Cir. 1980); and *Osteopathic Hospital Founders Ass'n v. N.L.R.B.,* 618 F.2d 633 (10th Cir. 1980). We are convinced that in the instant case the Board's findings meet that test.

Order enforced.